**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| DAVID J. ANNARELLI, | ) | |
|     Petitioner, | ) | |
| | ) | Civil Action No. 7:21-cv-00337 |
| v. | ) | |
| | ) | |
| HAROLD W. CLARKE, DIRECTOR, | ) | By: Elizabeth K. Dillon |
|     Respondent. | ) |     United States District Judge |

**MEMORANDUM OPINION**

David J. Annarelli, a Virginia inmate proceeding *pro se*, has filed a motion for writ of error coram nobis in this matter, alleging factual errors in statements made by the prosecution in Floyd County Circuit Court which were accepted by the court as the factual basis for Annarelli's plea of guilty and subsequent conviction for malicious wounding of a law enforcement officer in violation of Virginia Code § 18.2-51.1.  Because this matter is a civil case, sounding in habeas jurisdiction, the court has no authority to grant the motion, and it will be denied.

### I.  BACKGROUND

This matter was filed as a petition for writ of habeas corpus under 28 U.S.C. § 2241 on May 27, 2021.  As set forth in the court's memorandum opinion of July 8, 2021, the petition was dismissed on that date, without prejudice, as a second or subsequent § 2254 habeas petition, filed without preauthorization from the Fourth Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b).  Annarelli filed the current motion one week after the dismissal of his habeas petition herein.

### II.  DISCUSSION

As explained more fully in this court's opinion in *Annarelli v. Clarke*, No. 7:20cv00025, entered this same date, Congress has abolished writs of error coram nobis in civil cases in federal

court.  Fed. R. Civ. P. Rule 60(e).  Habeas corpus cases are civil in nature.  *Fisher v. Baker*, 203 U.S. 174, 181 (1906).  This case was filed as a petition for habeas corpus, and thus the court is without authority to consider a writ of error coram nobis.

### III.  CONCLUSION

For the reasons stated herein, Annarelli's motion for writ of error coram nobis will be denied and dismissed for lack of jurisdiction.

Further, concluding that Annarelli has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability will be denied.

An appropriate order will be entered this day.

Entered: October 4, 2021.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge